**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIWANN M. MATHIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SARALEE NORMAN, *et al.*, <br><br> Defendants. | Civil Action No. 22-7594 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs DiWann Mathis and Marketa Mathis's (collectively "Plaintiffs") Appeal of Magistrate Judge Bongiovanni's October 23, 2023 Text Order (ECF No. 58). (ECF No. 60.) Plaintiffs filed supplemental correspondence in support of their appeal. (ECF No. 66.) Defendants Saralee Norman and Avi Norman[1] ("Defendants") did not respond. The Court has carefully considered Plaintiffs' moving brief and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms Judge Bongiovanni's October 23, 2023 Text Order.

**I.   BACKGROUND**

This matter's underlying facts and procedural history are known to the parties, and therefore, the Court only recites those facts necessary to resolve the instant dispute.

---

[1] Plaintiff also named John Does #1-10, Richard Roes #1-10 and ABC Companies #1-10 as defendants. (*See generally* Compl., ECF No. 1.)

This case arises from a motor vehicle accident between Plaintiff Marketa Mathis and Defendant Saralee Norman, in which Marketa Mathis's three minor children were also passengers in her car. (*See generally* Compl.) Plaintiffs filed the instant litigation pro se on their own behalf and on behalf of the minor children as guardians *ad litem*. (*Id.*)

During an Initial Pretrial Scheduling Conference, Judge Bongiovanni raised concerns regarding the representation of the minor children—namely, whether there was a potential conflict of interest if Marketa Mathis acted as the minor children's guardian *ad litem*. (*See* Aug. 11, 2023 Letter Order 1, ECF No. 42.) Given the circumstances of the case, the minor children could potentially have claims against both Defendants and Marketa Mathis (their mother), a driver of one of the vehicles involved in the accident underlying this action. (*See generally* Compl.) Judge Bongiovanni, accordingly, directed Plaintiffs to submit an update regarding the minor children's representation. (Feb. 23, 2023 Minute Entry, ECF No. 20.)

Plaintiffs thereafter moved to appoint DiWann Mathis as guardian *ad litem* for the minor children D.M. and D.M.,[2] and removed minor child N.W. as a plaintiff. (ECF No. 22.) Plaintiffs also filed a number of motions, including a motion to appoint pro bono counsel (ECF No. 32).[3] On August 11, 2023, Judge Bongiovanni denied Plaintiffs' motion to appoint DiWann Mathis as guardian *ad litem* (ECF No 22) and granted Plaintiffs' motion to appoint pro bono counsel (ECF

---

[2] The Court notes that two of the three minor children have the same initials, D.M. (*See* ECF No. 22.)

[3] In addition to the motions to appoint pro bono counsel and to appoint DiWann Mathis as guardian *ad litem*, Plaintiffs also filed: (1) a motion for leave to amend the complaint (ECF No. 30); (2) an amended motion for leave to amend the Complaint and bifurcate discovery (ECF No. 31); (3) a motion for reargument regarding the Court's consideration of a conflict between the minor children and Plaintiff Marketa Mathis; and (4) a motion to withdraw Plaintiff's motion to appoint pro bono counsel (ECF No. 41).

No. 32).[4] (Aug. 11, 2023 Letter Order 3-5.) Specifically, Judge Bongiovanni found that "under governing case law, even if appointed as the minor children's guardian *ad litem*, DiWann Mathis [can]not be permitted to assert claims on their behalf pro se." (*Id.* at 3.) Judge Bongiovanni, accordingly, directed the Clerk of the Court to attempt to locate separate counsel for each minor child. (*Id.* at 4.)

Several days later, Plaintiffs filed another motion to appoint guardian *ad litem* for their minor child, D.M.—this time requesting that the Court appoint Jerome Hall, the grandfather of D.M., as her guardian. (ECF No. 43.) In a text order, the Court denied Plaintiffs' motion, stating that Plaintiffs were already "afforded ample time to identify guardian(s) for the children" and that Plaintiffs did not raise any basis for the Court to reconsider its findings made in the August 11, 2023 Letter Order. (Aug. 16, 2023 Text Order, ECF No. 44.) The Court directed Plaintiffs to timely appeal the August 11, 2023 Letter Order by September 1, 2023, should they seek to do so. (*Id.*)

In response, Plaintiffs filed correspondence on August 16, 2023, asking that the "Court reevaluate the facts surrounding th[e] issue [of guardian *ad litem* appointment] prior to . . . Plaintiffs seeking [an appeal]." (ECF No. 45.) Plaintiffs also requested that the Court stay its Order denying appointment of Plaintiffs' proposed guardian *ad litem* pending reevaluation. (*Id.*) The following week, the Court issued a text order, stating that "[i]f an appeal is filed, the appointment of a guardian ad litem for the minor Plaintiffs will be stayed." (Aug. 24, 2023 Text Order, ECF No. 46.)

On September 28, 2023, the Court issued a letter order, finding that the time to appeal the "Court's August 11, 2023 decision ha[d] expired and no appeal ha[d] been made." (Sept. 28, 2023 Letter Order, ECF No. 47.) Accordingly, the Court appointed attorneys to separately act as each

---

[4] Plaintiffs' motion for reargument and to withdraw their pro bono application (ECF No. 41) was denied (Aug. 11, 2023 Letter Order).

minor child's guardian *ad litem* and pro bono counsel, and directed the attorneys to enter appearances. (*Id.*)

On October 23, 2023, Plaintiffs sent their third motion to appoint guardian *ad litem* by e-mail correspondence to the Court. (ECF No. 59; *see also* ECF No. 58.) Specifically, Plaintiffs sought to appoint DiWann Mathis and Marketa Mathis as guardians *ad litem* for the two minor children, D.M. and D.M, respectively. (Second Guardian *Ad Litem* Mot., ECF No. 59.) On the same day, Judge Bongiovanni issued a text order, stating that "Plaintiffs Di[W]ann and Marketa Mathis[']s time to appeal this Court's decisions has long since expired, [and] so has their time to move for reconsideration." (Oct. 23, 2023 Text Order, ECF No. 58.) Judge Bongiovanni further found that Plaintiffs "have raised no basis for seeking" reconsideration. (*Id.*) Finding that Plaintiffs did not raise any basis for seeking reconsideration, the Court denied Plaintiffs' motion. (*Id.*)

Plaintiffs filed the instant appeal of Judge Bongiovanni's October 23, 2023 Text Order. (Pls.' Moving Br., ECF No. 60.) On January 11, 2024, Plaintiffs filed correspondence, raising the same issues and requests for relief as their October 23, 2023 motion. (ECF No. 66.)

## II.  **LEGAL STANDARD**

A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149 (stating a magistrate judge is "accorded wide discretion in addressing non-dispositive motions"). Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

**III.   DISCUSSION**

Plaintiffs appear to dispute Judge Bongiovanni's decision denying Plaintiffs' motion to have DiWann Mathis serve as guardian *ad litem* for their minor children.[5] In so doing, Plaintiffs appear to assert the following arguments: (1) Plaintiffs' motion to appoint DiWann Mathis as guardian *ad litem* for their minor children was not untimely and thus improperly denied (Pls.' Moving Br. 4-5); (2) Plaintiffs were deprived of the opportunity to be heard regarding their motion to appoint DiWann Mathis as guardian *ad litem* (*id.* at 6); (3) Plaintiffs are being deprived of their right to act as guardian *ad litem* for their minor children (*id.*); and (4) there is no real conflict of interest in appointing Plaintiffs as guardian *ad litem* for their minor children (*id.* at 7; Pls.'

---

[5] To the extent Plaintiffs also intended to dispute Judge Bongiovanni's decision regarding guardian *ad litem* appointment as to Marketa Mathis, the Court notes that the same analysis applies.

Correspondence 2, ECF No. 66). *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se pleadings should be construed liberally).

As an initial matter, Plaintiffs' Moving Brief and follow-up correspondence are devoid of any supporting case law or legal citations. Although the Court acknowledges that Plaintiffs are pro se, pro se litigants are still expected to provide support for their arguments and allegations. *Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Nevertheless, out of an abundance of caution, the Court briefly evaluates the arguments below.

First, the Court cannot agree with Plaintiffs' first two arguments—that the motion to appoint guardian *ad litem* for their minor children was timely and improperly denied, and that Plaintiffs were deprived of the opportunity to be heard on their motion (Pls.' Moving Br. 4-6)— because Plaintiffs improperly attempt to relitigate and reargue issues and motions already decided multiple times by this Court. *See Brown v. Mercadante*, No. 15-1593, 2023 WL 6143970, at *3 (E.D. Pa. Sept. 20, 2023) ("This is not a motion for reconsideration and, thus, not an appropriate forum to reargue previously decided motions."). Judge Bongiovanni already considered and denied Plaintiffs' motion regarding DiWann Mathis's appointment as guardian *ad litem* in her August 11, 2023 Letter Order.[6] (Aug. 11, 2023 Letter Order.) In that same letter order, Judge Bongiovanni denied Plaintiffs' motion for reargument regarding the Court's finding that a conflict between the minor children and Plaintiffs exist, and further denied Plaintiffs' motion to withdraw their pro bono application. (*Id.*) When Plaintiffs sought the appointment of their relative as guardian *ad*

---

[6] Plaintiffs argue that the Court "denied the Plaintiffs['] motion without reason or clarification on its current or previous orders." (Pls.' Moving Br. 3.) The Court declines to consider these bare assertions without supporting details.

*litem* for one of their minor children (ECF No. 43), Judge Bongiovanni informed Plaintiffs that the time to identify guardians for the minor children had long since passed and that Plaintiffs failed to raise any basis for the Court to reconsider its findings. (Aug. 16, 2023 Text Order.) Despite Judge Bongiovanni's instruction that Plaintiffs, should they disagree with the August 16, 2023 decision, must file an appeal by September 1, 2023, Plaintiffs failed to do so by that deadline. (*Id.*) Moreover, Plaintiffs had multiple opportunities to be heard through their filings and submissions and did not provide a meaningful explanation as to why a hearing was necessary. *See Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) ("[F]ederal courts have discretion to grant a hearing or not."). Furthermore, Judge Bongiovanni essentially informed Plaintiffs of an *additional* opportunity to be heard through the appeals process. (*See* Aug. 16, 2023 Text Order; *see also* Oct. 23, 2023 Text Order.) Judge Bongiovanni's decision was final once Plaintiffs failed to timely file an appeal or a motion for reconsideration or reargument on the matter. *See Hightower v. Ingerman Mgmt. Co.*, No. 17-8025, 2022 WL 19266266, at *3-4 (D.N.J. May 4, 2022) (finding defendants' appeal untimely because defendants did not file an appeal or a motion for reargument).[7]

Regarding Plaintiffs' third argument that they have been deprived of their "natural right" to act as guardian *ad litem*, the argument is also without merit. (Pls.' Moving Br. 6.) Certainly, courts recognize the right for a minor or an incompetent person to be appointed a guardian *ad*

---

[7] While Plaintiffs may argue that their correspondence seeking "reevaluation" of Judge Bongiovanni's orders was in fact a motion for reconsideration (ECF No. 45), the argument is meritless because Plaintiffs did not properly file a motion. *Hightower*, 2022 WL 19266266, at *3-4 (finding defendants' appeal untimely because defendants' letter to the then-presiding district judge seeking "clarification/reconsideration" was an improper means of filing "an appropriate notice of motion [or] brief as required by Local Civil Rule 7.1"); *cf. Dickerson v. N.J. Inst. of Tech.*, No. 19-8344, 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019) (finding that a pro se party must still "adhere to the Federal Rules of Civil Procedure.").

*litem*.[8] Yet, Plaintiffs do not identify any case law articulating a right for someone to *serve* as a guardian *ad litem*. Additionally, Plaintiffs aver that counsels' duties as guardian *ad litem* are substantially limited without the assistance of Plaintiffs because Plaintiffs are primary guardians of their minor children. (*Id.*) This argument is also unconvincing. Per Plaintiffs' reasoning, all primary guardians would have to be appointed as guardian *ad litem* for their children, even when there are conflicts of interest—yet, courts have not made such findings. *See A.P. by & through Phinisee v. United States*, 736 F. App'x 309, 313 (3d Cir. 2018) ("Generally, when a parent brings a lawsuit on behalf of her minor child and has similar interests as the minor, there is no need for a court to appoint a guardian *ad litem*, but where there is a conflict of interests, the court is empowered to appoint a guardian *ad litem* to represent the minor."); *Harris for E.H. v. Kijakazi*, No. 22-248, 2022 WL 2318686, at *1 (M.D. Pa. June 28, 2022) ("Although [the minor's] *broader* interests may be represented by her guardian, as a non-attorney, that guardian is incapable of adequately representing [the minor's] *legal* interests.").

Finally, Plaintiffs argue that there is no conflict of interest that prevents the Court from appointing DiWann Mathis as guardian *ad litem* for their minor children. (Pls.' Moving Br. 7; Pls.' Correspondence 2.) Separate from the conflict of interests issue, however, is that neither Marketa Mathis nor DiWann Mathis can represent their minor children because both Plaintiffs are

---

[8] Under Rule 17(c)(2) of the Federal Rules of Civil Procedure:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. Proc. 17(c)(2).

non-attorneys and are also pro se litigants in the case.[9] *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Bressi v. Northumberland Cnty. CYS*, No. 22-1776, 2023 WL 3919751, at *6 (M.D. Pa. Feb. 28, 2023), *report and recommendation adopted*, No. 22-1776, 2023 WL 3919543 (M.D. Pa. June 9, 2023), *aff'd sub nom.*, *Bressi v. Northumberland Cnty., Child. & Youth Servs.*, No. 23-2156, 2023 WL 8866573 (3d Cir. Dec. 22, 2023) ("Although a parent or legal guardian may initiate a lawsuit on behalf of a minor child, [c]ourts generally do not permit them to do so unless the parent or legal guardian is represented by an attorney. Plaintiff is proceeding pro se, and therefore may not represent his children." (citations omitted)). Plaintiffs' argument that there is no conflict of interest, therefore, does not change the Court's analysis regarding guardian *ad litem* appointment.

In sum, Plaintiffs fail to demonstrate that Judge Bongiovanni's October 23, 2023 Text Order was clearly erroneous or contrary to law.

## IV.  CONCLUSION

For the reasons stated above, the Court affirms Judge Bongiovanni's October 23, 2023 Text Order (ECF No. 58) and Plaintiffs' appeal (ECF No. 60) is denied. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[9] Plaintiffs also assert that they are "[p]laintiffs in this matter for the sole purpose of discovery[.]" (Pls.' Correspondence 4.) Plaintiffs, regardless of their intent in joining the action, are active pro se plaintiffs in this case and thus the argument is not a successful one.