**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIWANN M. MATHIS, *et al.*,<br>Plaintiffs,<br>v.<br>SARALEE NORMAN, *et al.*,<br>Defendants. | Civil Action No. 22-7594 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon five motions: (1) Defendants Saralee Norman and Avi Norman's (collectively, "Defendants") Motion for Summary Judgment (ECF No. 128); (2) Plaintiffs DiWann Mathis and Marketa Mathis's (collectively, "Parent Plaintiffs") Motion to Strike (ECF No. 130) Defendants' Motion for Summary Judgment; (3) Parent Plaintiffs' Cross-Motion for Partial Summary Judgment (ECF No. 131); (4) Plaintiff D.M.'s ("D.M.") Motion for Partial Summary Judgment (ECF No. 140); and (5) Parent Plaintiffs' Motion for Sanctions (ECF No. 141). Parent Plaintiffs opposed (ECF No. 129), and D.M. responded (ECF No. 133) to Defendants' Motion. Defendants opposed (ECF Nos. 139, 146) Parent Plaintiffs' Motion to Strike, Cross-Motion for Summary Judgment, and Motion for Sanctions. Defendants also opposed D.M.'s Motion (ECF No. 143), and D.M. replied (ECF No. 144). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court: (1) grants Defendants' Motion for Summary Judgment; (2) denies Parent Plaintiffs' Motion to Strike, Cross-Motion for Partial Summary Judgment, and Motion for Sanctions; and (3) grants D.M.'s Motion for Partial Summary Judgment.

# I. BACKGROUND

The following facts are drawn from: (1) Defendants' Statement of Material Facts in Support of their Motion for Summary Judgment ("NSOF") (NSOF, ECF No. 128); (2) Parent Plaintiffs' Statement of Material Facts in Support of their Cross-Motion for Partial Summary Judgment ("PPSOF") (PPSOF, ECF No. 131-6); (3) D.M.'s Statement of Material Facts in Support of D.M.'s Motion for Partial Summary Judgment ("DMSOF") (DMSOF, ECF No. 148); (4) Defendants' Statement of Material Facts in Opposition to D.M.'s Motion ("NRSOF") (NRSOF, ECF No. 150); and (5) D.M.'s Reply to Defendants' NRSOF ("DMRSOF") (DMRSOF, ECF No. 153). The facts are undisputed by the parties unless otherwise noted.

## A. Factual Background

This dispute arises from a motor vehicle accident that occurred on October 28, 2018, in Lakewood, New Jersey (the "Accident"). (NSOF ¶ 2; PPSOF ¶¶ 1-4; DMSOF ¶ 1; NRSOF ¶ 1; DMRSOF ¶ 1.) At the time of the Accident, Marketa Mathis and Saralee Norman were operating vehicles in opposite directions on Cross Street at or near its intersection with Hearthstone Drive. (PPSOF ¶¶ 1-2, 4; DMSOF ¶¶ 2-3; NRSOF ¶ 2; DMRSOF ¶ 2.) Marketa Mathis's three minor children, including D.M., were passengers in her vehicle. (PPSOF ¶ 1; DMSOF ¶ 3; *see* NRSOF ¶¶ 2, 7; DMRSOF ¶¶ 2, 7.)

Leading up to the Accident, Saralee Norman was traveling eastbound on Cross Street and had stopped at an intersection where she intended to turn left onto Hearthstone Drive. (PPSOF ¶¶ 2, 10; DMSOF ¶¶ 2, 10; NRSOF ¶ 3; DMRSOF ¶ 3 (admitting that "Saralee Norman was intending to make a left hand turn onto Hearthstone Drive").) After beginning the turn, Saralee Norman realized that she was attempting to enter the exit of a one-way street and brought her vehicle to a complete stop. (PPSOF ¶ 10; DMSOF ¶ 10; NRSOF ¶ 3; DMRSOF ¶ 3 (denying that

Saralee Norman came to a "complete stop" but admitting that she "was turning into the exit of a one-way street").) Marketa Mathis's vehicle thereafter collided with Saralee Norman's vehicle. (PPSOF ¶¶ 4, 11, 14; DMSOF ¶ 10; NRSOF ¶ 5; DMRSOF ¶ 5 (not denying collision occurred).)

### B. Procedural History

On January 13, 2020, Parent Plaintiffs filed an action in the Superior Court of New Jersey, Middlesex County, on behalf of themselves and their three minor children, asserting personal injury and derivative claims arising from the Accident against Defendants. (NSOF ¶¶ 1-3; DMSOF ¶ 4; NRSOF ¶ 7; DMRSOF ¶ 7.) On April 24, 2020, the matter was transferred to the Superior Court of New Jersey, Ocean County, under Docket No. OCN-L-1069-20 (the "State Court Action"). (NSOF ¶ 5; DMSOF ¶ 5; NRSOF ¶ 9; DMRSOF ¶ 9.) On August 26, 2021, the minor plaintiffs' claims were dismissed from the State Court Action without prejudice pursuant to a consent order, after which Marketa Mathis continued pursuing her personal injury claim, and DiWann Mathis continued pursuing his derivative claim related to Marketa Mathis's injuries. (DMSOF ¶¶ 6-7; NRSOF ¶¶ 10-11; DMRSOF ¶¶ 10-11.)

On July 9, 2022, Marketa Mathis moved for partial summary judgment in the State Court Action. (DMSOF ¶ 8.) On September 16, 2022, the Honorable Mark A. Troncone, J.S.C., granted the motion in part, finding Saralee Norman negligent as a matter of law in the operation of her vehicle, but leaving unresolved whether Marketa Mathis was comparatively negligent. (PPSOF ¶¶ 12-16; DMSOF ¶¶ 9-10; NRSOF ¶¶ 12-13; DMRSOF ¶¶ 12-13.)

On October 14, 2022, Parent Plaintiffs commenced this action *pro se* in the United States District Court for the District of Delaware, asserting personal injury claims on behalf of the minor

children and a derivative claim on behalf of themselves arising from D.M.'s injuries.[1] (NSOF ¶¶ 8-9; PPSOF ¶ 19; DMSOF ¶ 11; NRSOF ¶¶ 15-16; DMRSOF ¶¶ 15-16; *see generally* Compl., ECF No. 1.) On October 31, 2022, while this action was pending, Parent Plaintiffs settled their remaining claims in the State Court Action with Defendants for $185,000. (NSOF ¶ 6; PPSOF ¶ 18; DMSOF ¶ 12; NRSOF ¶ 17; DMRSOF ¶ 17 (denying that D.M. settled any claims but not denying that Parent Plaintiffs settled).) On November 2, 2022, Parent Plaintiffs and Defendants stipulated to dismissal of the State Court Action with prejudice. (NSOF ¶ 7; DMSOF ¶ 15.)

On December 12, 2022, the Delaware District Court granted a motion to change venue and transferred the instant action to the District of New Jersey. (Dec. 12, 2022, Mem. Op., ECF No. 13; Dec. 12, 2022, Order, ECF No. 14; Copy of Transfer Order, ECF No. 15.) On January 3, 2023, Defendants answered the Complaint in front of this Court. (Answer, ECF No. 18.)

On June 2, 2023, Parent Plaintiffs moved for partial summary judgment. (Parent Pls.' Original Mot. for Summ. J., ECF No. 24.) On June 7, 2023, Magistrate Judge Bongiovanni denied the motion without prejudice as premature. (June 7, 2023, Text Order, ECF No. 27.) During the ensuing proceedings, the Court raised concerns regarding the Parent Plaintiffs' purported representation of the minor children, including a potential conflict arising from Marketa Mathis's operation of one of the vehicles involved in the Accident. (*See* Letter Order 1, ECF No. 42.) On August 11, 2023, Magistrate Judge Bongiovanni, among other things: (1) held that Parent Plaintiffs, neither of whom is an attorney, could not prosecute the minor children's claims *pro se* and could not serve as the minor children's guardians *ad litem*; (2) directed the Clerk of Court to

---

[1] The Complaint contains the following claims: (1) minor child's claim for negligence ("Count One"); (2) minor child's claim for negligence ("Count Two"); (3) D.M.'s claim for negligence ("Count Three"); and (4) Parent Plaintiffs' claim for "los[s] [of] companionship and society of their minor child, D.M." ("Count Four"). (Compl. 2-6.)

locate separate attorneys willing to serve as both guardian *ad litem* and counsel for each minor child; and (3) denied Parent Plaintiffs' motion for leave to amend the Complaint. (*Id.* at 4-5.) Thereafter, guardians *ad litem* and pro bono counsel made appearances on behalf of the minor plaintiffs, including D.M. (*See* Nots. of Appearance, ECF Nos. 48, 50, 53, 54.) Parent Plaintiffs later appealed Magistrate Judge Bongiovanni's rulings concerning the representation of the minor children. (Parent Pls.' Opp'n to Proposed Findings, ECF No. 60.) On February 7, 2024, the Court denied that appeal. (Feb. 7, 2024, Mem. Op., ECF No. 68; Feb. 7, 2024, Order, ECF No. 69.)

On December 30, 2025, the Court administratively terminated the action pending a February 9, 2026, settlement conference. (Dec. 30, 2025, Text Order, ECF No. 125.) After the settlement conference, but before the Court restored the matter to its active docket, on March 2, 2026, Defendants filed their Motion for Summary Judgment. (Defs.' Mot. for Summ. J., ECF No. 128.) On March 23, 2026, Parent Plaintiffs: (1) opposed Defendants' Motion (Parent Pls.' Opp'n Br. to Defs.' Mot., ECF No. 129); (2) filed a Motion to Strike (Parent Pls.' Mot. to Strike, ECF No. 130); and (3) filed a Cross-Motion for Partial Summary Judgment (Parent Pls.' Cross-Mot. for Summ. J., ECF No. 131). D.M. separately responded to Defendants' Motion. (D.M.'s Resp. Br., ECF No. 133.) Thereafter, Parent Plaintiffs filed a Motion for Sanctions. (Parent Pls.' Mot. for Sanctions, ECF No. 141.) Defendants opposed Parent Plaintiffs' motions. (Defs.' Opp'n Br. to Parent Pls.' Mots., ECF No. 139; Defs.' Opp'n Br. to Mot. for Sanctions, ECF No. 146-1.)

On April 10, 2026, D.M. separately moved for partial summary judgment. (D.M.'s Mot. for Partial Summ. J., ECF No. 140.) Defendants opposed (Defs.' Opp'n Br. to D.M.'s Mot., ECF

No. 143[2]), and D.M. replied (D.M.'s Reply Br., ECF No. 144). The Court thereafter granted D.M. leave to file the DMSOF *nunc pro tunc*. (May 5, 2025, Letter Order, ECF No. 147; DMSOF.) On May 6, 2026, the Court reopened the matter. (May 6, 2026, Text Order, ECF No. 149.) Defendants and D.M. then filed responsive statements of fact. (NRSOF; DMRSOF.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure[3] 56(a) provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). A material fact raises a genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248). In deciding a summary judgment motion, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party has met its threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving

---

[2] Defendants filed two nearly identical versions of their opposition to D.M.'s Motion. (*See* ECF Nos. 142, 143.) For clarity, the Court cites to ECF No. 143 as the opposition.

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

party must rely to support its assertion that genuine disputes of material fact exist). If the nonmoving party fails to come forward with the requisite showing to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" then "there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249-50. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

## III. DISCUSSION

The Court first considers Defendants' Motion for Summary Judgment along with Parent Plaintiffs' Motion to Strike and Cross-Motion for Partial Summary Judgment. The Court then turns to D.M.'s Motion for Partial Summary Judgment before reaching Parent Plaintiffs' Motion for Sanctions.

### A. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on Parent Plaintiffs' claims, arguing that: (1) the settlement agreement and release executed in the State Court Action bar Parent Plaintiffs' claims

under the doctrines of res judicata and collateral estoppel[4]; and (2) Parent Plaintiffs' claims for "loss of [D.M.'s] companionship and society" are not cognizable under New Jersey law. (Defs.' Moving Br. 5-11, ECF No. 128-1.) Parent Plaintiffs oppose[5], arguing that the settlement resolved only their claims remaining in the State Court Action and did not encompass the minor children's claims or any claims asserted in this action. (Parent Pls.' Opp'n Br. to Defs.' Mot. 3-15.)

"Claim preclusion prevents claims between the same parties from being litigated anew after a final judgment has been entered in a previous suit." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001)). "'[A] somewhat modified form of res judicata' applies if a settlement agreement triggers

---

[4] Parent Plaintiffs argue in their Motion to Strike that Defendants' Motion should be denied because Defendants failed to plead release and res judicata as defenses in their Answer. (Parent Pls.' Mot. to Strike Moving Br. 2, ECF No. 130-1.) Although affirmative defenses are ordinarily raised in responsive pleadings, their omission does not automatically result in waiver, as an affirmative defense may not be waived where it is raised "at a pragmatically sufficient time" and the opposing party suffers no prejudice. *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) (citation omitted); *see also Clews v. County of Schuylkill*, 12 F.4th 353, 358 (3d Cir. 2021) ("[A]ffirmative defenses may be raised at any time, even after trial, so long as the plaintiff suffers no prejudice." (citation omitted)). Here, Parent Plaintiffs identify no specific way in which Defendants' failure to plead the affirmative defenses in their Answer impaired their ability to respond. (*See generally* Parent Pls.' Mot. to Strike Moving Br.); *see also Clews*, 12 F.4th at 358-59 (finding defendant preserved defense where there was no prejudice to plaintiffs, even though defendant did not raise the defense in its answer). The Court therefore finds that Defendants did not waive the defenses of release or res judicata and considers them on the merits.

[5] Parent Plaintiffs also move to strike Defendants' Motion for Summary Judgment pursuant to Rule 12(f). (*See generally* Parent Pls.' Mot. to Strike.) Rule 12(f), however, "authorizes a court 'to strike from *a pleading* an insufficient defendant or any redundant, immaterial, impertinent, or scandalous matter.'" *Thompson v. Real Est. Mortg. Network, Inc.*, No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sep. 24, 2018) (emphasis in original) (quoting Fed. R. Civ. P. 12(f)). "The 'pleadings' in a federal action consist of a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court so orders, a reply to an answer." *Id.* (citing Fed. R. Civ. P. 7(a)). "A summary judgment motion, however, is not a 'pleading.' Consequently, 'it is not proper under [Rule] 12(f) to [grant a] motion to strike a motion.'" *Id.* (second alteration in original) (citations omitted). Parent Plaintiffs' Motion to Strike is, therefore, denied.

a dismissal and a defendant's consequent discharge." *Id.* (alteration in original) (quoting *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2004)). In such a circumstance, "[t]he express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after a settlement." *Id.* (citation omitted). For a court to grant summary judgment on the basis of claim preclusion, "it must be undisputed that there was: (1) a final judgment on the merits; (2) in a prior suit involving the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Andriani v. City of Hoboken*, No. 11-6707, 2012 WL 4442664, at *3 (D.N.J. Sep. 24, 2012) (citations omitted).

Here, it is undisputed that Parent Plaintiffs and Defendants reached a settlement of the State Court Action, which led to the subsequent dismissal of the State Court Action. (NSOF ¶¶ 6, 7; PPSOF ¶ 18; DMSOF ¶¶ 12, 15; NRSOF ¶ 17; DMRSOF ¶ 17 (not denying that Parent Plaintiffs settled).) The Release and Settlement of Claim Form (the "Release") signed by Parent Plaintiffs identifies the claimants as "MARKETA MATHIS and DIWANN MATHIS spouse." (Release *2[6], ECF No. 128-4.) In exchange for $185,000, Parent Plaintiffs released Defendants, as well as their insurers, from "***any and all claims*** and demands, rights, damages, causes of action, costs, losses or expenses, whether known or unknown, whether foreseen or unforeseen, whether accrued or not yet accrued, . . . ***in any way arising out of the incident that took place on October 28, 2018***." (*Id.* (emphases added).) Parent Plaintiffs both signed the release on October 31, 2022. (*Id.* at *4.) The Release and resulting dismissal of the State Court Action constitute a final judgment. *See Andriani*, 2012 WL 4442664, at *3 (finding settlement agreement which resulted in dismissal of prior lawsuit with prejudice was a "final judgment" (citations omitted)).

[6] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

There is also no dispute that both Parent Plaintiffs and Defendants were involved in the prior State Court Action, where claims were brought in relation to the Accident that occurred on October 28, 2018. (NSOF ¶¶ 1-3; DMSOF ¶ 4; NRSOF ¶ 7; DMRSOF ¶ 7.) Now, Parent Plaintiffs bring Count Four in this action against Defendants claiming "los[s] [of] companionship and society of their minor child, D.M." in connection with the October 28, 2018, Accident. (Compl. 5-6.)

The plain language of the Release clearly encompasses Parent Plaintiffs' Count Four. (*See id.*; Release *2.) Moreover, the Complaint in this action was dated October 13, 2022, and the action had been pending for seventeen days when Parent Plaintiffs executed the Release. (*see generally* Compl.; Release.) As a result, Count Four was an existing, known claim that fell within the Release's coverage of "any and all claims . . . in any way arising out of the incident that took place on October 28, 2018." (Release *2.) Parent Plaintiffs are therefore precluded from bringing Count Four (or any other claims related to the Accident) against Defendants. [7]

[7] The Court notes that Count Four also independently fails under New Jersey law. Parent Plaintiffs allege in Count Four that they lost D.M.'s "companionship and society[.]" (Compl. 6.) A traditional parental *per quod* claim permits recovery for losses resulting from injury to a minor child, including the "loss of services, earnings[,] and medical expenditures" incurred by the parents. *Tynan v. Curzi*, 753 A.2d 187, 187 (N.J. Super Ct. App. Div. 2000). It does not, however, permit recovery for the loss of a living child's companionship and society resulting from negligence. *Id.* at 187; *J.V. ex rel. Valdez v. Macy's Inc.*, No. 13-5957, 2014 WL 4896423, at *4 (D.N.J. Sep. 30, 2014) ("Under New Jersey law, the loss of *consortium* of a minor child resulting from defendant's negligence does not provide the right to recovery by parents."). Because Count Four does not allege or seek lost earnings, lost services, or medical expenses (Compl. 5-6), even absent the Release, Count Four must be dismissed because it does not assert a cognizable claim under New Jersey law.

The Court therefore grants Defendants' Motion for Summary Judgment[8] and dismisses Count Four with prejudice.[9]

### B. D.M.'s Motion for Partial Summary Judgment

D.M. moves for partial summary judgment, arguing that Defendants should be collaterally estopped from contesting Saralee Norman's negligence in this action because her "negligence is identical in this action as it was in the [S]tate [C]ourt [A]ction." (D.M. Moving Br. 1, ECF No. 140-1.) Defendants argue in opposition that they should not be collaterally estopped from arguing that Saralee Norman was not negligent because "there remain ongoing issues as to liability[ and] [D.M.'s] argument is both unfair and inequitable to . . . Defendants and seeks to apply the terms of [the Release] entered into by [Parent Plaintiffs] as applicable to D.M." (Defs.' Opp'n Br. to D.M.'s Mot. 2.) Notably, Defendants represent that they are "not relitigating the issue of negligence as to Judge Troncone's findings" but rather raise that "the question as to Marketa Mathis's negligence was [never] decided and remains in dispute." (*Id.* at 6.) In reply, D.M. confirms that D.M. narrowly seeks partial summary judgment "to preclude relitigation of [Saralee] Norman's negligence." (D.M.'s Reply Br. 2.)

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). Where, as here, D.M. seeks to apply collateral estoppel with respect to a New Jersey State Court decision, "this Court applies New Jersey's law on issue preclusion." *Taylor v. S.T. Good Ins., Inc.*, No. 10-4258, 2012 WL 83650, at *3 (D.N.J. Jan. 11, 2012) (first citing *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir.

---

[8] The Court need not reach Defendants' other arguments in their motion.

[9] Because the Court grants Defendants' Motion for Summary Judgment as to Parent Plaintiffs' claim, Parent Plaintiffs have no remaining claim on which to seek partial summary judgment concerning Defendants' liability. Parent Plaintiffs' Cross-Motion for Partial Summary Judgment is therefore denied.

1987); and then citing *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). Under New Jersey law, collateral estoppel applies when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Allen v. V & A Bros., Inc.*, 26 A.3d 430, 444 (N.J. 2011) (quoting *Olivieri v. Y.M.F. Carpet, Inc.*, 897 A.2d 1003, 1009 (N.J. 2006)). Even when those five elements are satisfied, collateral estoppel "will not be applied when it is unfair to do so." *Id.* (citation omitted).

Here, the Court finds that Defendants are collaterally estopped from relitigating Saralee Norman's negligence for the following reasons. *First*, there is no dispute that the issues presented here are identical to the issues in the State Court Action, as both proceedings arise from the Accident and concern in part Saralee Norman's conduct during the same attempted left turn. (*Compare* State Ct. Action Op., ECF No. 140-7, *with* Compl.) In fact, in the context of their own motion for summary judgment, Defendants admit that "[a]ll claims alleged in the Superior Court are being realleged in [this] Court" and that "Plaintiffs are not making any new claims, nor are they making any claims arising out of a different incident." (NSOF ¶¶ 16, 17); *see Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 06-1105, 2014 WL 1653128, at *9 (M.D. Pa. Apr. 24, 2014) (recognizing that party "even admits that '[t]hese are the same issues that gave rise to the trial in [the prior matter]" in finding that issue preclusion applied (first alteration in original)).

*Second*, the issue of Saralee Norman's negligence was actually litigated and was expressly decided "as a matter of law" in the State Court Action. (*See* DMSOF ¶¶ 17-18; NRSOF ¶ 12; DMRSOF ¶ 12.) In fact, Judge Troncone issued an opinion on a motion for partial summary

judgment in the State Court Action where Saralee Norman's negligence was squarely at issue and held that "as a matter of law, [Saralee] Norman was negligent in the operation of her vehicle and grant[ed] summary judgment on that discrete issue." (State Court Action Op. 5.)

*Third*, Judge Troncone's decision constitutes a final judgment on the merits regarding the discrete issue of Saralee Norman's negligence. *See Suarez v. Camden Cnty. Bd. of Chosen Freeholders*, 972 F. Supp. 269, 274 (D.N.J. 1997) ("Although it was not final in the sense of permitting an appeal as of right, the summary judgment . . . by the Superior Court involved the same claims, same parties, relief requested, and factual allegations as those in the . . . federal case. '[S]ummary judgment is a final judgment on the merits[.]'" (third alteration in original) (citation omitted)); *In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991) ("[T]he order of the state court granting summary judgment on liability was not final for purposes of appeal, but that does not deny it preclusive effect[.]"). The parties' subsequent settlement did not disturb that determination. *See Taylor*, 2012 WL 83650, at *4 (finding that plaintiffs' argument that "due to the settlement agreement, the issue was never submitted for determination" fails because "the Court did in fact consider the issue . . . in the context of [p]laintiffs' claims as well as [another party's] cross-claims"); *Perez v. Rent-A-Center, Inc.*, 892 A.2d 1255, 1262 (N.J. 2006) (explaining that "settlement of a case after the entry of judgment does not automatically relieve a party against whom the judgment was entered from its legal effects" and that the party must seek vacatur to prevent its future preclusive use), *superseded by statute on other grounds as stated in Sanchez v. Fitness Factory Edgewater, LLC*, 231 A.3d 606 (N.J. 2020).

*Fourth*, the determination of Saralee Norman's negligence, notwithstanding the State Court's decision that Marketa Mathis's comparative negligence should be left to the fact finder, was essential to the State Court Action because it constituted one of the major elements of the

claims related to the Accident where Saralee Norman was one of the drivers. (*See generally* State Ct. Action Op.); *see Mann v. Est. of Meyers*, 61 F. Supp. 3d 508, 522 (D.N.J. 2014) (finding fourth element satisfied where "[a]ll three issues were 'essential to the prior judgment' [as] [t]hey constituted major elements of [the] claim, and were by no means incidental to it").

*Fifth*, there is no dispute that Defendants were parties to the State Court Action. (NSOF ¶¶ 1-3; DMSOF ¶ 4; NRSOF ¶ 7; DMRSOF ¶ 7); *see Mann*, 61 F. Supp. 3d at 522 (finding that "fifth part[] of the test [was] disposed of easily" where "all of the parties against whom . . . collateral estoppel [was being invoked] were also named as defendants in the [prior] action").

Because the Court finds that all five elements of the collateral estoppel test are met, and further finds that Defendants had a full and fair opportunity to litigate the issue of Saralee Norman's negligence in the prior State Court Action, the Court holds that the application of collateral estoppel bars Defendants from relitigating the issue of Saralee Norman's negligence in this action. *See Taylor*, 2012 WL 83650, at *5-6 (analyzing whether it would be fair to apply the collateral estoppel doctrine and holding that "[b]ecause [p]laintiffs had a full and fair opportunity to argue the issue of intentional wrongdoing in the prior litigation, . . . the application of collateral estoppel to bar [p]laintiffs' claims [was] proper").

Accordingly, D.M.'s Motion for Partial Summary Judgment is granted. Defendants may not relitigate the narrow issue of Saralee Norman's negligence in the operation of her vehicle in the Accident, as previously determined in the State Court Action.[10]

---

[10] To be clear, moving forward, the issue of the comparative negligence of Marketa Mathis may be litigated, as that was not determined in the State Court Action. (*See generally* State Ct. Action Op.)

### C. Parent Plaintiffs' Motion for Sanctions

The Court next turns to Parent Plaintiffs' Motion for Sanctions. (*See generally* Parent Pls.' Mot. for Sanctions.) In their motion, Parent Plaintiffs argue that sanctions should be imposed on Defendants because Defendants' Motion for Summary Judgment and counsel's subsequent conduct was "frivolous, vexatious, and [conducted in] bad faith." (*Id.* at 3.)

Here, the Court notes that Parent Plaintiffs filed their Motion for Sanctions *before* the Court ruled on Defendants' Motion for Summary Judgment. The Court, however, has now ruled on that motion, granting the motion in favor of Defendants. The Court, therefore, is not persuaded by any of Parent Plaintiffs' arguments that Defendants' motion or their conduct related thereto was frivolous. To the contrary, the Court found Defendants' arguments meritorious. The Court, therefore, finds that sanctions against Defendants pursuant to Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority are not appropriate at this time. *See, e.g.*, *United States ex rel. Jersey Strong Pediatrics, LLC v. Wanaque Convalescent Ctr.*, No. 14-6651, 2019 WL 7116208, at *2 (D.N.J. Nov. 25, 2019) ("This Court's denial of [d]efendants' motions to dismiss indicates that [plaintiff's] allegations are plausible. Thus, [d]efendants' Rule 11 position, that the complaint offered no cognizable legal theory, was also rejected."), *R. & R. adopted*, 2019 WL 7049449 (D.N.J. Dec. 23, 2019); *Sun Chem. Corp. v. Fike Corp.*, No. 13-4069, 2018 WL 3492143, at *5-6 (D.N.J. July 20, 2018) (denying motion for sanctions under § 1927 where defendants did not meet their burden in showing that plaintiff or plaintiff's counsel acted in bad faith in pursuing claims based on alleged misrepresentations).

Parent Plaintiffs' Motion for Sanctions is, accordingly, denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment and D.M.'s Motion for Partial Summary Judgment are granted, and the following motions are denied: (1) Parent Plaintiffs' Motion for Partial Summary Judgment; (2) Parent Plaintiffs' Motion to Strike; and (3) Parent Plaintiffs' Motion for Sanctions. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2026